**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,[1]<br><br>       Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br><br>(Jointly Administered) |
| JOHN JOHNSTON and RACHELLE FRISBY, as Joint Provisional Liquidators of PB LIFE AND ANNUITY CO., LTD.,<br><br>       Plaintiff,<br><br>v.<br><br>ERIE PROPERTIES, LLC, GLOBAL GROWTH f/k/a ELI GLOBAL, LLC, GREG E. LINDBERG, individually, and CENTURY 21 RIVERSTONE,<br><br>       Defendants. | Adv. Proc. No. 21-_____(LGB) |

## COMPLAINT FOR DECLARATORY JUDGMENT,
## PERMANENT INJUNCTION AND DAMAGES

Rachelle Frisby and John Johnston of Deloitte Ltd. ("Deloitte"), in their capacities

as the Joint Provisional Liquidators and authorized foreign representatives ("Plaintiffs" or

"JPLs") for PB Life and Annuity Co., Ltd. ("Debtor" or "PBLA"), in Provisional Liquidation

currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies

(Winding Up) Commercial Court, 2020: No. 306 (the "Bermuda Proceeding"), bring this

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, ECF No. 42.

Complaint for declaratory relief, permanent injunctive relief and damages, pursuant to Bankruptcy Rule 7001, *et seq.*, as follows:

## Procedural History

1.     On September 18, 2020, the Bermuda Monetary Authority presented a petition to the Supreme Court of Bermuda (the "Bermuda Court") to, *inter alia,* wind up the Debtor and to appoint Rachelle Frisby and John Johnston of Deloitte as Joint Provisional Liquidators of the Debtor.  By order dated September 25, 2020 (the "Bermuda Order"), the Bermuda Court appointed the JPLs as duly authorized foreign representatives of the Debtor.

2.     By the Bermuda Order, the Bermuda Court granted the JPLs the broad and ongoing authority to undertake various actions with respect to the Debtor, including to continue the business of the Debtor; review and secure the books and records of the Debtor and engage in Court action to obtain same; retain professionals; seek assistance of the United States Bankruptcy Court; conduct such investigations and obtain such information as necessary to locate, protect, secure, take possession of, and collect the assets, and determine the liabilities, of the Debtor; do all such things as may be necessary or expedient for the protection of the Debtor's property or assets, including but not limited to selling or otherwise disposing of the Debtors' property; and to consider and commence legal actions.  *See* Frisby Decl. [ECF No. 4][2], Exhibit A at ¶¶ 4.1-4.9, 4.12, 4.13, 4.15 and 4.16.

3.     On December 3, 2020 (the "Petition Date"), the JPLs commenced this case (the "Chapter 15 Case") by filing the Verified Petition for relief under chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended (the "Bankruptcy Code").  [ECF No. 1]

---

[2] All references to the docket refer to the main case, *In re PB Life and Annuity Co., Ltd.*, *et al.*, Case No. 20-12791 (LGB), Jointly Administered.

05/12/2021 SL1 1693060v2 114825.00001

4.  On December 4, 2020, the Court entered an order granting joint administration of PBLA, Omnia Ltd., and Northstar Financial Services (Bermuda) Ltd. and on May 4, 2021, the Court entered an order granting the joint administration of PB Investment Holdings Ltd. with the other three debtors. [ECF Nos. 11 and 42]

5.  On January 5, 2021, this Court entered an order granting recognition of the Bermuda Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code (the "Recognition Order"). [ECF No. 33]

6.  The Recognition Order specifically provides, "[a]ll provisions of section 1520 of the Bankruptcy Code apply in these Chapter 15 Cases, including, without limitation, the stay under section 362 of the Bankruptcy Code throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court." *See* Recognition Order at ¶3.

7.  The Recognition Order further provides that all entities are enjoined from "transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the JPLs." *See* Recognition Order at ¶7(d).

8.  Collectively, PBLA, Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd. (the "Debtors")  appear to have invested over $1 billion in loans due from, and common or preferred equity issued by, dozens of closely-held companies. The JPLs are tasked by the Bermuda Court with locating, valuing and determining what further course to take with respect to these assets, a majority of which represent companies related to Defendant Greg E. Lindberg ("Lindberg"), Defendant Global Growth f/k/a Eli Global ("Global Growth"), and/or non-debtor entities affiliated with Greg E. Lindberg and/or Global Growth

(collectively, the "Lindberg Entities"), and, upon information and belief, include Erie Properties, LLC.

9.   Mr. Lindberg is currently serving a seven (7) year sentence at a federal facility in Montgomery, Alabama for conspiracy to commit honest services wire fraud and bribery.

10.   To date, the JPLs have been hindered in carrying out their duties to collect and dispose of assets because Lindberg and the Lindberg Entities have refused to provide the complete books and records as described in more complete detail in the JPL's pending *Motion for a Further Order Compelling Turnover of Books and Records and Attorney Files Pursuant to 11 U.S.C. §§ 105, 542, 1519(a)(3), 1521(a)(4) & 1521(a)(7).* [ECF No. 47].

## Parties

11.   Plaintiffs Rachelle Frisby and John Johnston are the Joint Provisional Liquidators of PBLA.  PBLA maintains a beneficial interest in the Erie Estate (defined below) through its contribution of the Erie Estate to certain trusts, as explained below.

12.   Defendant Erie Properties, LLC ("Erie Properties") is the legal owner of the Erie Estate.

13.   Defendant Global Growth services and controls a portfolio of companies ultimately owned and controlled by Greg E. Lindberg.  Prior to the filing of the Chapter 15 Case, this included PBLA.

14.   Defendant Greg E. Lindberg is the ultimate beneficial owner of PBLA.  PBLA is owned 100% by PBX Bermuda Holdings, Ltd.  PBX Bermuda Holdings, Ltd. is in turn owned 100% by PBX Holdings, LLC. Mr. Lindberg holds a 100% ownership interest in PBX Holdings, LLC.

4

15.  Defendant Century 21 RiverStone ("Century 21") is the brokerage responsible for listing the Erie Estate for sale.

**Jurisdiction and Venue**

16.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of the Bankruptcy Code and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated as of January 31, 2012, Reference M-431, *In re Standing Order of Reference Re:  Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.)*.*

17.  This Court has expressly retained jurisdiction over the subject matter of this adversary proceeding pursuant to the Recognition Order.

18.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

19.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1410.

20.  The statutory predicate for the Adversary Proceeding is 11 U.S.C. §§ 1520, 362 and 541.

**Relevant Background**

**A.  Creation of the Trust Agreements and Trust Accounts**

21.  On or about June 30, 2017, PBLA and Universal Life Insurance Company ("ULICO") entered into a coinsurance reinsurance agreement (the "Reinsurance Agreement") whereby PBLA agreed to reinsure certain policies issued by ULICO.  Annexed hereto as Exhibit A is a true and correct copy of the Reinsurance Agreement.

22.  As required by Section 4.2 of the Reinsurance Agreement, PBLA was to fund the Reinsurance Trust Account ("PBLA ULICO 2017") and Comfort Trust Account ("PBLA ULICO 2017 Comfort Trust", together with PBLA ULICO 2017, the "Trust Accounts") as security for the insurance liabilities covered under the Reinsurance Agreement.

5

23.  On or about June 30, 2017, the Reinsurance Trust Agreement and Comfort Trust

Agreement (together, the "Trust Agreements") creating and governing the respective Trust

Accounts were executed.  *See* Exhibits B and C to the Reinsurance Agreement, respectively.

## B. Creation of Erie Properties, LLC and Acquisition of the Erie Estate

24.  Based on the information currently available to the JPLs it appears that on or

about August 4, 2014, Erie Properties was formed and Dunhill Holdings, LLC was the sole

member.

25.  On or about December 31, 2018, Dunhill Holdings, LLC, Mr. Lindberg, PBX

Holdings, LLC, PBX Bermuda Holdings, Ltd., PBLA, and PBLA ULICO 2017 executed a

Membership Interest Contribution Agreement whereby Dunhill Holdings, LLC contributed

100% of the membership interest in Erie Properties to Mr. Lindberg.  Mr. Lindberg, and each of

the wholly owned sub-entities, PBX Holdings, LLC, PBX Bermuda Holdings, Ltd. and PBLA,

ultimately contributed the 100% membership interest in Erie Properties to PBLA ULICO 2017.

Annexed hereto as Exhibit B is a true and correct copy of the Membership Interest Contribution

Agreement.

26.  On or about December 31, 2018, Bank of New York Mellon, not in its individual

capacity but as Trustee of PBLA ULICO 2017, executed the First Amended and Restated

Operating Agreement of Erie Properties, LLC (the "Operating Agreement"). Annexed hereto as

Exhibit C is a true and correct copy of the Operating Agreement.

27.  The Operating Agreement provides that PBLA ULICO 2017 is the sole member

of Erie Properties.

28.  Erie Properties owns and controls three parcels of real estate located in Hope,

Bonner County, Idaho, 83836 (the "Erie Estate"):

6

(a) 90 Kullyspell Drive, Assessor's Parcel Number: RP021700010010A;

(b) 64 Kullyspell Drive, Assessor's Parcel Numbers: RP00220000004RA and

RP00220000004EA; and

(c) Memaloose Island, Assessor's Parcel Number: RP56N01E141000A.

29.  On or about December 29, 2020, the JPLs amended the Trust Agreements,

whereby Bank of New York Mellon resigned as the trustee and TMI Trust Company is the

successor trustee.

### C. Violation of the Automatic Stay

30.  On May 11, 2021, the JPLs became aware that the Erie Estate was listed for sale

for $20,000,000.00.

31.  The JPLs immediately attempted to contact the listing and broking agent to

inform them that the sale has not been authorized by the JPLs or PBLA ULICO 2017, and to

cease and desist from continuing to market the Erie Estate for sale.

32.  On May 13, 2021, the JPLs called the Broking Agent at Century 21 of the Erie

Estate to inform her of the current situation and that the sale had not been authorized by the JPLs

or PBLA ULICO 2017, and to cease and desist from continuing to market the Erie Estate for

sale. She then directed the JPLs to Eric Skinner, the listing agent, to confirm the same via

telephone. An email formalizing the call was sent to Mr. Skinner to which he responded on May

18, 2021.  Annexed hereto as Exhibits D and E are a true and correct copy of the email

correspondence and the listing found on Century21.com, respectively.

33.  In his May 18, 2021 email, Mr. Skinner confirmed that Mr. Robert "Bo" Gaddy

("Mr. Gaddy") provided instruction on behalf of Erie Properties.  Upon information and belief,

7

Mr. Gaddy is or was an Eli Global, LLC employee and President of Apex International, LLC, believed to be one of the Lindberg Entities.

34.   On May 18, 2021, the JPLs, through counsel, promptly responded advising that the JPLs are the only persons who may provide direction regarding the sale or use of the Erie Estate and providing until 10:00 AM on May 19, 2021 for Mr. Skinner to confirm in writing that the listing would be removed and that he will cease all efforts to market or sell the Erie Estate. The JPLs further advised that failure to do so would result in this proceeding.  Annexed hereto as Exhibit F is a true and correct copy of the May 18, 2021 letter to Mr. Skinner, excluding the enclosure.

35.   Mr. Skinner has ignored the May 19, 2021 deadline.

36.   Pursuant to Article III of the Reinsurance Trust Agreement, ULICO, as the beneficiary, and PBLA, as the grantor, are the only parties who may sell, dispose, withdraw or substitute the assets maintained in PBLA ULICO 2017 after executing the appropriate withdrawal notices and obtaining consent, where necessary.

37.   The Erie Estate is owned by Erie Properties and was contributed to PBLA ULICO 2017; therefore, only the JPLs with the agreement of ULICO have the right to dispose of the Erie Estate, subject to the terms of the Reinsurance Agreement and related Trust Agreements.  By exercising control over the Erie Properties and causing it to sell the Erie Estate, Defendants have violated the stay.

38.   PBLA must also maintain a minimum reserve in PBLA ULICO 2017 and PBLA ULICO 2017 Comfort Trust.  If the reserve is met in both accounts, PBLA is entitled to the excess.  *See* Reinsurance Trust Agreement at Article III.

8

39.  Upon information and belief, prior to the appointment of the JPLs, Mr. Lindberg and Global Growth controlled Erie Properties and the Erie Estate.  The JPLs have not taken any action with respect to Erie Properties or the Erie Estate and, accordingly, believe that only Global Growth, Mr. Lindberg or their agents can be taking these actions.  This is further evidenced by the involvement of Mr. Gaddy, a present or former employee of Eli Global, LLC, the predecessor to Defendant Global Growth.

## COUNT I
## For Declaratory Relief As to the Imposition of the Stay and Declaratory Relief Determining that Defendants Violated the Stay

40.  Plaintiffs hereby incorporate paragraphs 1 through 39 hereof as if more fully set forth at length.

41.  The Court granted the JPLs' motion seeking recognition of the Bermuda Proceeding as a foreign main proceeding and on January 5, 2021, entered the Recognition Order granting the requested relief.

42.  The Recognition Order specifically provides, "[a]ll provisions of section 1520 of the Bankruptcy Code apply in these Chapter 15 Cases, including, without limitation, the stay under section 362 of the Bankruptcy Code throughout the duration of these Chapter 15 Cases or until otherwise ordered by this Court." *See* Recognition Order at ¶3.

43.  Section 1520 of the Bankruptcy Code provides, "[u]pon recognition of a foreign proceeding that is a foreign main proceeding--sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States." 11 U.S.C. § 1520 (a)(1).

44.  The Recognition Order further provides that all entities are enjoined from "transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that

term is defined in section 101(15) of the Bankruptcy Code) other than the JPLs." *See* Recognition Order at ¶7(d).

45.  In 2018, PBLA contributed Erie Properties to the Trust Accounts as required under the Reinsurance Agreements and related Trust Agreements.

46.  By listing the Erie Estate for sale, Defendants are unilaterally attempting to transfer, sell, withdraw or otherwise dispose of assets that are the property of PBLA ULICO 2017, created by the Reinsurance Trust Agreement, in violation of the stay imposed by the Recognition Order and section 362 of the Bankruptcy Code.

47.  The Reinsurance Agreement and related Trust Agreements affect insurance policies and assets of PBLA located within the territorial jurisdiction of the United States.

WHEREFORE, Plaintiffs request that this Court enter Judgment and an Order:

(i)  declaring the stay under section 362 of the Bankruptcy Code is in full force an effect, without limitation, as to the assets of PBLA maintained in the Trust Accounts;

(ii)  declaring that the assets maintained in PBLA ULICO 2017 are property of the PBLA estate, maintained for the benefit of ULICO;

(iii)  declaring that Defendants' attempt to transfer, sell, withdraw, dispose of or take any other action with respect to assets maintained in the Trust Accounts is a violation of the stay;

(iv)  declaring that the Defendants did violate the stay by, *inter alia*, listing the Erie Estate for sale; and

(v)  for such other and further relief as is just.

10

## COUNT II
### Injunctive Relief Prohibiting Any Further Action With Respect to Reinsurance Agreement or Trust Accounts

48. Plaintiffs hereby incorporate paragraphs 1 through 47 hereof as though fully set forth herein.

49. Defendants violated the stay imposed by Section 362 of the Bankruptcy Code and the Recognition Order.

50. Any further attempt by Defendants to transfer, sell, withdraw, dispose of or take any other action with respect to the Reinsurance Agreement and related Trust Accounts requires modification or relief from the stay.

51. PBLA has no adequate remedy at law, other than this Adversary Proceeding, to effectively stop the stay violation by Defendants.

52. The balance of harm would weigh most heavily against PBLA by the denial of the injunctive relief than upon Defendants by granting the injunctive relief requested.

53. There is a substantial likelihood that PBLA will succeed on the merits of its claims asserted regarding the stay violation.

54. The injunctive relief requested is necessary and appropriate to preserve the status quo and prevent irreparable harm to PBLA, and in furtherance of preserving the assets to pay creditors, and in furtherance of the purpose of Chapter 15 of the Bankruptcy Code, all of which is in the public interest.

55. The injunctive relief requested is authorized and appropriate under sections 105(a), 362 and 1520 of the Bankruptcy Code, and is within this Court's retained jurisdiction under the Recognition Order.

WHEREFORE, Plaintiffs request that this Court enter Judgment and an Order:

(i)  declaring that the Defendants are prohibited from taking any further

action with regard to Erie Properties and the Erie Estate; and

(ii)  for such other and further relief as is just.

## COUNT III
### Contempt for Violation of the Stay
**(Only as to Lindberg, Global Growth and Century 21)**

56.  Plaintiffs hereby incorporate paragraphs 1 through 55 hereof as though fully set forth herein.

57.  Defendants Lindberg and Global Growth were aware of the Bermuda Proceeding in advance of the listing of the Erie Estate for sale.

58.  Defendants Lindberg and Global Growth were aware of the Chapter 15 Case in advance of the listing of the Erie Estate for sale.

59.  Defendants Lindberg and Global Growth were aware of the stay expressly imposed under the Recognition Order.

60.  To the extent Defendants assert that they were not aware of the Chapter 15 Case or the imposition of the stay under the Recognition Order, Defendants Lindberg and Global Growth were made aware by the notice of the Chapter 15 Case and by the notice of the Recognition Order.

61.  Defendant Century 21 was made aware of the Chapter 15 Case and Bermuda Proceeding in its direct telephone and email correspondence with the JPLs.

62.  Defendants Lindberg, Global Growth and Century 21 failed to remove the listing upon knowledge of the Chapter 15 Case.

63.  Defendants Lindberg, Global Growth and Century 21 therefore willfully violated the stay imposed pursuant to the Recognition Order and section 362 of the Bankruptcy Code.

64.  Plaintiffs incurred costs and attorneys' fees associated with filing and prosecuting this Adversary Proceeding.

WHEREFORE, Plaintiffs request that the Court enter Judgment and an Order:

(i)  finding that Defendants Lindberg,  Global Growth and Century 21 willfully violated the stay imposed pursuant to the Recognition Order and section 352 of the Bankruptcy Code;

(ii)  finding the Defendants Lindberg,  Global Growth and Century 21 in contempt of Court for violation of the stay;

(iii)  granting sanctions for Defendants Lindberg,  Global Growth and Century 21's willful violation of the stay;

(iv)  awarding fees and costs associated with Plaintiffs' prosecution of this adversary proceeding; and

(v)  for such other and further relief as is just.

### COUNT IV
### Damages for Breach of the Reinsurance Agreement and related Trust Agreements

65.  Plaintiffs hereby incorporate paragraphs 1 through 64 hereof as though fully set forth herein.

66.  Defendants' attempt to transfer, sell, withdraw, dispose of or take any other action with respect to the Erie Estate or Erie Properties exposes PBLA to irreparable harm.

67.  The Erie Estate is a substantial asset of PBLA ULICO 2017 and if sold without notice and consent as required by the Trust Agreements, would expose PBLA to substantial and ongoing liabilities.

13

WHEREFORE, Plaintiffs request that the Court enter Judgment and an Order:

(i)  awarding damages for breach of the Reinsurance Agreement and related

Trust Accounts; and

(ii)  for such other and further relief as is just.

Dated: May 19, 2021
       New York, New York

STEVENS & LEE, P.C.

By:   */s/ Nicholas F. Kajon*

Nicholas F. Kajon
Constantine D. Pourakis
Andreas D. Milliaressis
485 Madison Avenue, 20th Floor
New York, New York 10022
Telephone:  212-319-8500
Facsimile:  212-319-8505
nfk@stevenslee.com
cp@stevenslee.com
adm@stevenslee.com

*Counsel for Rachelle Frisby and*
*John Johnston, in their capacity as*
*Joint Provisional Liquidators and*
*Foreign Representatives*

14