UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PB LIFE AND ANNUITY CO., LTD., *et al.*,[1]<br><br>        Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 20-12791 (LGB)<br><br>(Jointly Administered) |
| JOHN JOHNSTON and RACHELLE FRISBY, as Joint Provisional Liquidators of PB LIFE AND ANNUITY CO., LTD.,<br><br>        Plaintiff,<br>v.<br><br>ERIE PROPERTIES, LLC., GLOBAL GROWTH f/k/a ELI GLOBAL, LLC, GREG E. LINDBERG, individually, and CENTURY 21 RIVERSTONE,<br><br>        Defendants. | Adv. Proc. No. 21-01139(LGB) |

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER**

Upon the *Motion for Emergency Relief and Preliminary and Permanent Injunction to Enforce Stay* (the "Motion") to enforce the stay imposed pursuant to the Recognition Order and section 362 of the Bankruptcy Code against Erie Properties, LLC ("Erie Properties"), Global Growth f/k/a Eli Global, LLC ("Global Growth"), Greg E. Lindberg ("Lindberg"), and Century 21 RiverStone ("Century 21", together with Erie Properties, Global Growth and Lindberg, the

---

[1] PB Life and Annuity Co., Ltd., Northstar Financial Services (Bermuda) Ltd., Omnia Ltd. and PB Investment Holdings Ltd., foreign Debtors, are Bermuda limited companies which each have a registered address in Bermuda c/o Deloitte Ltd., Corner House, 20 Parliament Street, Hamilton HM 12, Bermuda, and are Jointly Administered for procedural purposes, by Order of this Court entered on April 2, 2021, ECF No. 42.

"Defendants"), filed on behalf of Rachelle Frisby and John Johnston of Deloitte Ltd., in their capacities as the Joint Provisional Liquidators and authorized foreign representatives (the "JPLs") for PB Life and Annuity Co., Ltd. ("PBLA"), in Provisional Liquidation currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 306 (the "Bermuda Proceeding")[2]; it appearing that the JPLs have demonstrated a substantial likelihood of success with respect to the Defendants' violation of the stay under 11 U.S.C. §362 and imposed by the Recognition Order entered by this Court at ECF No. 33[3]; and the JPLs have demonstrated that, without the requested injunctive relief, the estate will be irreparably harmed, and that a permanent injunction should be granted to maintain the status quo and provide the JPLs with adequate time to bring an action for declaratory relief, as appropriate; and the JPLs have demonstrated that the balance of hardships tip in favor of granting injunctive relief and good cause exists,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Any parties seeking to oppose the JPLs' Motion shall show cause before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, at 2:00 p.m. on June 2, 2021(the "Hearing"), as to why an Order should not issue:

    a. prohibiting the Defendants from transferring, selling, withdrawing or otherwise disposing of the Erie Estate or any of the other assets contributed to the Reinsurance Trust Account ("PBLA ULICO 2017") and Comfort Trust Account ("PBLA ULICO 2017 Comfort Trust", together with PBLA ULICO 2017, the "Trust Accounts") created as required by the certain coinsurance

---

[2] Capitalized terms not otherwise defined herein shall carry the meanings ascribed to them in the Motion.
[3] All references to the docket refer to the main case, *In re PB Life and Annuity Co., Ltd., et al.*, Case No. 20-12791 (LGB), Jointly Administered.

        reinsurance agreement entered into between PBLA and Universal Life Insurance Company ("ULICO") on or about June 30, 2017 (the "Reinsurance Agreement");

b. prohibiting the Defendants from taking any and all action with respect to PBLA and its property within the territorial jurisdiction of the United States to the full extent of section 362 of the Bankruptcy Code and the Recognition Order; and

c. prohibiting Century 21 and its agents or brokers, including Mr. Eric Skinner, from listing the Erie Estate for sale and directing removal of any existing listings.

2. Objections, if any, shall be submitted in writing and must be filed, with the Court, by May 28, 2021 at 5:00 p.m. and a copy served on Stevens & Lee, P.C., 485 Madison Avenue, 20th Floor, New York, New York 10022 (Attention: Nicholas F. Kajon, Constantine D. Pourakis and Andreas D. Milliaressis; email: nfk@stevenslee.com, cp@stevenslee.com and adm@stevenslee.com), counsel to the JPLs. In the event that no response or objection is filed, the Court may consider the entry of the Order without a hearing.

3. The JPLs' reply papers, if any, shall be filed in accordance with the instructions set forth in the preceding paragraph, and served so as to be received by counsel for any party opposing the Motion on or before June 1, 2021, at 12:00 p.m.

4. Pending the hearing on and determination of the JPL's Motion for a permanent injunction:

3

    a.   The Defendants are hereby prohibited from transferring, selling, withdrawing or otherwise disposing of the Erie Estate or any of the other assets contributed to the Trust Accounts;

    b.   The Defendants are hereby prohibited from taking any and all action with respect to PBLA and its property within the territorial jurisdiction of the United States to the full extent of section 362 of the Bankruptcy Code and the Recognition Order; and

    c.   Century 21 and its agents or brokers, including Mr. Eric Skinner, are prohibited from listing the Erie Estate for sale and directed to remove any existing listings effective immediately.

5.   Pursuant to Bankruptcy Rule 7065, the security provisions of Fed.R.Civ. P. 65(c) be, and the same hereby are, waived.

6.   This Court retains jurisdiction to resolve disputes arising under or related to this Order, including any disputes that may arise between or among the parties, and to interpret, implement and enforce the provisions of this Order.

7.   Notice of the entry of this Order and supporting documents shall be served on May 20, 2021 by next business day delivery on: (a) the Office of the United States Trustee for the Southern District of New York, (b) Counsel for Plaintiffs in *Southland National Insurance Corporation, et al. v. Greg E. Lindberg, et al.*: Wes J Camden, Esq., Williams Mullen, (c) Counsel to Edward Mill Asset Management, LLC: Everett Gaskins Hancock, LLP, attn.: Michael J. Byrne, Esq., (d) Counsel for Greg E. Lindberg and other Defendants in *Southland National Insurance Corporation, et al. v. Greg E. Lindberg, et al*: Condon Tobin Sladek Thornton PLLC, attn.: Jared Pace, Esq. and Aaron Z. Tobin, Esq., (e) Counsel for Universal Life Insurance

Company: Clyde & Co., attn.: Michael A. Knoerzer, Esq., (f) Cervantes Hodges Law Firm, (g) BMX Holdings, LLC, (h) BMX Bermuda Holdings, Ltd., (i) PBX Holdings, LLC, (j) PBX Bermuda Holdings, Ltd., (k) SunTrust Investment Services, Inc., (l) Counsel for claimants in *Gustavo Ortega Trujillo and Priscilla Illingworth Ashton v. SunTrust Investment Services, Inc.,* FINRA DR Arbitration No.20-02941, Soreide Law Group PLLC, attn: Lars Soreide, Esq., (m) Global Growth f/k/a Eli Global, LLC, (n) Erie Properties, LLC, (o) Century 21 RiverStone, (p) Mr. Eric Skinner, and (q) all other parties that request notice in this case pursuant to Bankruptcy Rule 2002 prior to the date of such service.

8.  Service pursuant to the preceding paragraph shall be deemed good and sufficient service and adequate notice of this Motion.


Dated: May 19, 2021
       New York, New York

                                         **/s/ Lisa G. Beckerman**
                                         UNITED STATES BANKRUPTCY JUDGE

05/12/2021 SL1 1693150v1 114825.00001