Charles A. Gruen (CG5456)
**LAW OFFICES OF CHARLES A. GRUEN**
381 Broadway, Suite 300
Westwood, New Jersey 07675
(201) 342-1212

Aaron Z. Tobin (*pro hac vice*)
Jared T.S. Pace (*pro hac vice*)
J. Seth Moore *(pro hac vice)*
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Tel.: 214-265.3800; Fax: 214-691-6311
atobin@condontobin.com
jpace@condontobin.com

*Counsel for Defendants Eli Global, LLC & Greg E. Lindberg*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>PB LIFE AND ANNUITY CO. LTD, et al,<br><br>Debtor in Foreign Proceeding. | Chapter 15<br><br>Case No. 20-12791 (SCC)<br><br>(Jointly Administered) |
| JOHN JOHNSTON and RACHELLE FRISBY, as Joint Provisional Liquidators of PB LIFE AND ANNUITY CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>ERIE PROPERTIES, LLC, GLOBAL GROWTH f/k/a ELI GLOBAL, LLC, GREG E. LINDBERG individually, and CENTURY 21 RIVERSTONE,<br><br>Defendants. | Adv. Proc. No. 21-01139 (LGB) |

1

27458170v6 92132.127.04

**DEFENDANTS ELI GLOBAL, LLC AND GREG E. LINDBERG'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT INJUNCTION AND DAMAGES**

Defendants Eli Global, LLC[1] and Greg E. Lindberg (collectively, "Movants") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) made applicable by Federal Rule of Bankruptcy Procedure 7012 respectfully submit this Motion to Dismiss and Memorandum of Support Thereof to Plaintiffs John Johnston and Rachelle Frisby, as Joint Provisional Liquidators of PB Life And Annuity Co., Ltd.'s (collectively, "Plaintiffs'") Complaint for Declaratory Judgment, Permanent Injunction and Damages. (Doc. 1). In support, Movant states as follows:

### I.    INTRODUCTION

1.    This adversary proceeding concerns real property held in a trust to which the debtor, PBLA, is neither trustee nor beneficiary. The sole basis of Plaintiffs' claims against Movants is that Movants' alleged attempted sale of the real property held by the trust violates the automatic stay triggered by PBLA's bankruptcy proceeding. However, Plaintiffs lack standing to bring these claims because (1) PBLA does not own the real property, and it is therefore, not part of the bankruptcy estate and not subject to the automatic stay; and (2) Plaintiffs claims are not ripe.  But even if Plaintiffs had standing, their complaint does not state a claim upon which relief may be granted. Accordingly, Plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) made applicable by Federal Rule of Bankruptcy Procedure 7012.

---

[1] Eli Global, LLC is incorrectly named in Plaintiff's Complaint as "Global Growth f/k/a Eli Global, LLC."

2

## II. BACKGROUND[2]

2. On or about June 30, 2017, PBLA and Universal Life Insurance Company ("ULICO") entered into a Coinsurance Reinsurance Agreement in which PBLA agreed to reinsure certain policies issued by ULICO. (Doc. 1 p. 5).

3. In February 2018, the operative Reinsurance Trust Agreement was executed and pursuant to section 4.2, PBLA funded the Reinsurance Trust Account (the "PBLA ULICO 2017 Trust"). (Doc. 25-2).

4. The beneficiary of the PBLA ULICO 2017 Trust is ULICO, (Doc. 24 p. 13), while the current trustee is TMI Trust Company ("TMI" or the "Trustee"), (Doc. 1 p. 7).

5. Erie Properties, LLC ("Erie Properties") owns three parcels of real estate located in Hope, Bonner County, Idaho, 83836:

  (a) 90 Kullyspell Drive, Assessor's Parcel Number: RP021700010010A;

  (b) 64 Kullyspell Drive, Assessor's Parcel Number: RP00220000004RA and RP00220000004EA; and

  (c) Memaloose Island, Assessor's Parcel Number: RP56N01E141000A.

(collectively, the "Property"). *Id.* at 6-7.

6. Since December 2018, Erie Properties has listed the Property for sale. Nevertheless, the Property is currently off-the market.[3]

7. On or about December 31, 2018, Erie Properties was contributed to the PBLA ULICO 2017 Trust. *Id.* at 6.

8. In April 2021, a different broker was engaged to sell the Property. (Doc. 17-2).

---

[2] Except as otherwise indicated and for purposes of this motion only, Defendants assume without admitting the factual allegations in Plaintiffs' complaint.

[3] Movants ask that the Court take judicial notice of the following listing on realtor.com, which is publicly available; https://www.realtor.com/realestateandhomes-detail/90-Kullyspell-Dr_Hope_ID_83836_M26094-88057. *See* Fed. R. Evid. 201.

3

9. On May 13, 2021, the Plaintiffs through one of their representatives sent the new broker an email saying that the Property "cannot be marketed/sold/manipulated without prior written permission from the Plaintiffs." (Doc. 3-4).

10. On May 18, 2021, the broker responded to Plaintiffs' representative after conferring with Defendants' representatives and confirmed his agreement with Plaintiffs that they "did have an interest" and that he "was advised that all decisions regarding the property would need to include [Plaintiffs'] organization." (Doc. 3-4).

11. Nevertheless, on May 19, 2021, Plaintiffs filed their Complaint for Declaratory Judgment, Permanent Injunction and Damages ("Complaint"), (Doc. 1), and Motion for Emergency Relief and Preliminary and Permanent Injunction to Enforce Stay ("Motion for Emergency Relief"), (Doc. 2).

12. On May 19, 2021, the Property was taken off the market. *See* footnote 3 *supra* and (Doc. 10, p. 2).

### III.    ARGUMENTS AND AUTHORITIES

**A.    Plaintiffs Lack Article III Standing.**

13. The Constitutional standing requirement derives from Article III of the Constitution, which provides that the "judicial power" of the United States extends only to "cases" or "controversies." *See* U.S. CONST. ART. III, § 2. To establish standing under Article III, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992)). The Supreme Court has made clear "[t]o establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and

4

actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (internal quotations omitted) (citing *Lujan*, 504 U.S. at 560). For an injury to be particularized it must affect the party invoking federal jurisdiction in a personal and individual way, while "concrete injury must be de facto; that is, it must actually exist." *Id.* (internal quotations omitted) (emphasis in original) (quoting BLACK'S LAW DICTIONARY 479 (9th ed. 2009)).

1. ***Plaintiffs Have Not Suffered an Injury in Fact.***

    i. *PBLA Does Not Have a Legal or Equitable Interest in the Property.*

14. Plaintiffs' claims are contingent upon their assertion that Movants violated the automatic stay by listing the Property for sale. Nevertheless, "[t]he automatic stay is applicable only to the debtor and property of the debtor," and the Property does not belong to the debtor in this action, PBLA. *See In re Altchek*, 124 B.R. 944, 957 (Bankr. S.D.N.Y. 1991); *Matter of Johns–Manville Corp.*, 26 B.R. 405, 409 (Bankr.S.D.N.Y.1983), *aff'd*, 40 B.R. 219 (S.D.N.Y.1984) (Courts are very clear in holding that the automatic stay set forth in the 11 U.S.C. § 362 relates only to actions against the debtor and does not operate to stay an action against any non-debtor parties.).

15. Indeed, Plaintiffs admit that the Property is owned by Erie Properties and that 100% of the membership interest in Erie Properties is trust res in the PBLA ULICO 2017 Trust. (Doc. 24, p. 10). Under Federal Bankruptcy Law, New York law creates and defines property rights and interests. (Trust Agreement, § 6.5); *In re Gonzalez*, 559 B.R. 326, 330 (Bankr. E.D.N.Y. 2016) (stating that "federal law determines whether a debtor's interest in property is property of the bankruptcy estate, rights and property interests are created and defined by state law."). Pursuant to New York law, "[a] trust gives the trustee of the trust legal title and the beneficiary of the trust equitable title in the trust property." N.Y. EST. POWERS & TRUSTS § 7–1.1, Practice Comment

27458170v6 92132.127.04

(McKinney 2017). Accordingly, TMI, as trustee, holds legal title to the PBLA ULICO 2017 Trust and its trust res, while ULICO, as beneficiary, holds equitable title.

> ii. *PBLA's Residual Interest in the PBLA ULICO 2017 Trust's Assets Does Not Establish a Property Interest or Equitable Interest.*

16. Plaintiffs argue that "PBLA's residual beneficial interest in the assets of PBLA ULICO 2017, including the right to any surplus funds in excess of the reserve and the right to recover assets upon termination, establish a property interest and an equitable interest of the PBLA estate." (Doc. 24 p. 13).

17. Section 541(a) of the Bankruptcy Code "is not intended to expand the debtor's rights against others more than they exist at the commencement of the case" and "a trustee takes no greater rights than the debtor had on the date of filing the petition." *In re Gonzalez*, 559 B.R. at 329. Rather, "a debtor's legal and equitable interest in property, 'as of the commencement of the case,' constitute '[p]roperty of the estate.'" *In re Howard's Appliance Corp.*, 874 F.2d 88, 93 (2d Cir. 1989) (quoting 11 U.S.C. § 541(a)(1)). The bankruptcy estate does not include "property of others in which the debtor ha[s] some minor interest such as a lien or bare legal title." *Id.* (citation omitted). This concept extends to trust property held for another, which is ordinarily not considered "property of the estate." *Begier v. I.R.S.*, 496 U.S. 53, 54, 110 S. Ct. 2258, 2260, 110 L. Ed. 2d 46 (1990).

18. In limited circumstances, courts have found that property held in trust for another is property of the estate where the debtor holds an immediate right to trust assets. *See e.g., In re Wingspread Corp.*, 155 B.R. 658, 664-665 (Bankr. S.D.N.Y. 1993) (finding trust assets to be within the estate only where the court had already ordered the trustee to terminate the subject plan and distribute assets); *Pension Transfer Corp. v. Beneficiaries Under Third Amend. To Fruehauf Trailer Corp. Ret. Plan No. 003*, 319 B.R. 76, 84-85 (D. Del. 2005), *aff'd sub nom. In re Fruehauf Trailer Corp.*, 444 F.3d 203 (3d Cir. 2006) (finding trust assets to be within the estate where operative

6

contract stated that benefits be paid out at a set time that was not subject to any third-party discretion).

19. Here, PBLA does not have a blanket reversionary interest in the trust assets that could be considered property of the bankruptcy estate because those assets are not immediately available to PBLA and remain entirely subject to a third-party's discretion; namely, the Beneficiary, ULICO. *See Gonzalez*, 559 B.R. at 331. PBLA has no ultimate, immediate, or future rights to any of the trust res in PBLA ULICO 2017, and thus, no interest in the property that could make the trust res property of the bankruptcy estate subject to the automatic stay. *See id.*

20. Because the Property is not subject to the automatic stay, Plaintiffs have not suffered an injury in fact and lack Article III standing to bring their claims for declaratory relief, injunctive relief, contempt, and damages against Movants. Consequently, this action should be dismissed pursuant to 12(b)(1) made applicable by Federal Rule of Bankruptcy Procedure 7012.

### 2. *Plaintiffs' Claims Are Not Ripe.*

21. Further, even if the Property were subject to the automatic stay, this Court should dismiss Plaintiffs' claims for declaratory judgment, permanent injunction, and damages against Movants under Rule 12(b)(1) because Plaintiffs' claims are not ripe, and are in fact moot.

22. Ripeness is a justiciability doctrine intended to prevent a court from entangling itself in abstract disagreements by avoiding premature adjudication. *See Nat'l Park Hospitality Ass'n v. Dept. of the Interior*, 538 U.S. 803, 807 (2003) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)); *see also NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir.2001). "The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction....' " *Nat'l Park Hospitality Ass'n*, 538 U.S. at 808, 123 S.Ct. 2026 (quoting *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n. 18, 113

7

S.Ct. 2485, 125 L.Ed.2d 38 (1993)); *see also Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir.2003) (noting ripeness requirement is based in both constitutional and prudential limitations on jurisdiction).

23. The sole basis for Plaintiffs' claims is the false assertion that "[b]y exercising control over the Erie Properties and causing it to sell the Erie Estate, Defendants have violated the stay." (Doc. 1 p. 8). But Movants did not sell the Property, and to the contrary, the broker told the Plaintiffs *before they filed this lawsuit* that all decisions would have to go through them. (Doc. 3-4). Plaintiffs' claims are not only incognizable, but are completely wasteful. Plaintiffs' lawsuit relies on impermissible conjecture of what Defendants *might* have done, and therefore, is not ripe for consideration by this Court. *See Kurtz v. Verizon N.Y.*, 758 F.3d 506, 511 (2nd Cir. 2014) ("A claim is not ripe if it depends upon contingent future events that may or may not occur as anticipated, or indeed may not occur at all."). Accordingly, this action should be dismissed pursuant to 12(b)(1) made applicable by Federal Rule of Bankruptcy Procedure 7012.

**B.     Plaintiffs Have Failed to State A Claim Upon Which Relief May Be Granted.**

24. Rule 12(b)(6) authorizes the dismissal of a pleading for failure to state a claim upon which relief can be granted when it is apparent on the pleading's face that a plaintiff can prove no set of facts supporting its claim that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

25. To survive a Rule 12(b)(6) dismissal motion**,** "a complaint must contain sufficient factual matter . . . to state a claim that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In considering the sufficiency of the complaint, the court "accept[s] all [well-pleaded] factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), but need not credit

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678.

### 1. *Plaintiffs Failed to State a Claim for Declaratory Judgment Because There is No Actual Controversy.*

26. Plaintiffs request that this Court enter a judgment declaring that, *inter alia*, Movants' attempt to transfer, sell, withdraw, dispose of or take any other action with respect to assets maintained in the Trust Accounts is a violation of the stay and that Movants violated the stay by listing the Property for sale. (Doc. 1 p. 10).

27. Declaratory judgments are governed by the Federal Declaratory Judgment Act which states the following:

> (a) In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201 (1996).

28. Under this Act, in order for a court to issue a declaratory judgment, it must preliminarily determine whether there exists a "case of actual controversy" that is ripe for decision. *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972). "The test to be applied is 'whether ... there is substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Id*. (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

29. Here, there is no case and controversy because as the broker made clear before this lawsuit was filed, "all decisions regarding the [P]roperty would need to include [Plaintiffs'] organization." (Doc. 3-4). The Property was not sold and is not currently on the market.

27458170v6 92132.127.04

Accordingly, Plaintiffs have failed to state a controversy upon which declaratory judgment may be granted because both parties agree that any sale of the Property would include Plaintiffs.

> **2.    *Plaintiffs Failed to State a Claim for Injunctive Relief Because Plaintiffs Have Not Shown Irreparable Harm.***

30.    To receive a preliminary injunction, the plaintiff must show (1) "a likelihood of success on the merits," (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in the plaintiff's favor," and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (internal quotation marks omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (per curiam) (alteration in original) (emphasis in original) (internal quotation marks omitted).

31.    Here, Plaintiffs have failed to state a claim for injunctive relief because they have not shown that they are likely to suffer irreparable injury in the absence of injunction. The Property was not sold and is off the market. Further, Plaintiffs' own evidence shows the broker agreed that any sale of the Property would include Plaintiffs. (Doc. 3-4). Moreover, even if the Property were sold, the amount of Plaintiffs' investment can be adequately compensated in damages, and therefore, there is no irreparable harm. *See Salinger*, 607 F.3d at 79–80. Accordingly, Plaintiffs have failed to allege irreparable harm required to support injunctive relief.

> **3.    *Plaintiffs Failed to State a Claim for Violation of the Automatic Stay Because the Property Was Not Part of the Bankruptcy Estate, and Listing the Property Did Not Violated 362(a).***

32.    Finally, Plaintiffs have failed to state a claim based upon violation of the automatic stay because, as discussed above and as otherwise briefed, the Property is not part of the bankruptcy estate. Further, even if the Property were subject to the stay, Plaintiffs have not alleged a violation

of the stay where *listing* the Property, let alone engaging a new broker, is not prohibited by 11 U.S.C. § 362(a). Further, Plaintiffs' allegation that Movants' conduct willfully violated the automatic stay is negated by Plaintiffs' own evidence which shows that the broker, after conferring with Movants' representatives, made clear before this lawsuit commenced that "all decisions regarding the [P]roperty would need to include [Plaintiffs'] organization." (Doc. 3-4). A court cannot accept a plaintiff's allegation as true when the allegation is belied by exhibits the plaintiff submitted. *See Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 212 (E.D.N.Y. 2016) (granting motion to dismiss for failure to state a claim where Plaintiffs' own exhibits negated elements of their claim for a consumer class action); *In re Integrated Resources Real Estate Ltd. Partnerships Sec. Litig.*, 850 F.Supp. 1105, 1146 (S.D.N.Y. 1993) ("If Plaintiffs' own exhibits . . . negate the allegations of their pleadings, a court is not required to consider unsupported allegations.").

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court dismiss Plaintiffs' claims for declaratory judgment, permanent injunction, and damages against Movants pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) made applicable by Federal Rule of Bankruptcy Procedure 7012. Movants further request all other relief to which they may be entitled.

27458170v6 92132.127.04

Dated this 19th day of July 2021.

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

*/s/ J. Seth Moore*
J. Seth Moore
Texas Bar No. 24027522
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone:  (214)265-3800
Facsimile:  (214)691-6311
Email:  smoore@condontobin.com

and

Charles A. Gruen (CG5456)
cgruen@gruenlaw.com
**LAW OFFICES OF CHARLES A. GRUEN**
381 Broadway, Suite 300
Westwood, New Jersey 07675
Telephone:  201-342-1212

*Counsel for Defendants Eli Global, LLC and Greg E. Lindberg*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the clerk of Court using the CM/ECF system which will send electronic notification of such filing to all other parties who have filed a notice of appearance.

Signed this the 19th day of July 2021.

*/s/ J. Seth Moore*
J. SETH MOORE

27458170v6 92132.127.04